COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


OLUDARE OGUNDE, A/K/A TONY WILLIAMS,
 S/K/A OLIDARE OGUNDE
                                MEMORANDUM OPINION[*] BY
v.    Record No. 0439-97-4     JUDGE RUDOLPH BUMGARDNER, III
                                     MAY 12, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Leslie M. Alden, Judge

          Michael F. Devine for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General;
          Thomas D. Bagwell, Senior Assistant Attorney
          General, on brief), for appellee.


     Oludare Ogunde was charged with four felonies:  credit card

theft, credit card forgery, credit card fraud, and forgery of a

public record.  During his trial, the appellant moved to proceed

pro se; his motion was granted.  Upon his plea of guilty,

appellant was convicted as charged.  He appeals his conviction

arguing that he did not waive his right to an attorney knowingly

and intelligently.  He contends that the trial court did not

inform him of the risks of proceeding pro se.  Because we find

the appellant voluntarily and intelligently pleaded guilty, we

hold that he waived any objection to the trial court's earlier

decision permitting him to act as his own attorney.  Accordingly,

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

we affirm.

The appellant retained counsel to represent him. After the jury had been selected, opening arguments made, and three witnesses for the Commonwealth had testified, the appellant moved to proceed pro se.

The court admonished the appellant that his questioning would have to comport with appropriate procedures. She acknowledged that the appellant had the right to represent himself and granted his motion. She also appointed his former attorney as standby counsel to assist as requested by the appellant. The attorney remained throughout the trial and consulted with the appellant several times.

After both sides had rested while they were discussing the instructions, the appellant stated that he wanted to enter a plea of guilty. He consulted with his attorney, reviewed and signed written waiver forms, and repeated his desire to change his plea. The court then conducted a full inquiry pursuant to Rule 3A:8 and Form 6. Throughout the dialogue, the appellant consulted with his attorney. He specifically acknowledged that he waived his right to appeal from any sentence that would be imposed. The court found that the plea was voluntary and intelligently made and made with an understanding of the nature of the charges and the consequences of the plea. The judge accepted the plea.

A voluntary plea of guilty is a self-supplied conviction that waives all defenses other than those jurisdictional. See Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278-79,

cert. denied, 498 U.S. 882 (1990).  In this case, the trial court's finding that the plea was voluntary and intelligent is well supported by the record.  Accordingly, we affirm the convictions.[1]

Affirmed.

---

[1]In light of our decision in this case on other grounds, we need not reach the issue of whether appellant knowingly and intelligently waived the right to counsel while being aware of the dangers and disadvantages of representing himself.  See Faretta v. California, 422 U.S. 806 (1975).